(15 Misc. Rep. 237.)

### QUEEN CITY BANK v. HOOD et al.

(Superior Court of Buffalo, General Term. December 23, 1895.)

DEED—EVIDENCE TO PROVE MORTGAGE.

On an issue as to whether a deed executed by defendants to plaintiff was an absolute deed or a mortgage, plaintiff's agent in the transaction

should have been permitted to state whether he had a conversation with defendants at the time the deed was given, whether said deed was taken as a mortgage, whether defendants were then indebted to plaintiff, and whether there was an agreement that defendants should pay a certain sum monthly on the indebtedness, and not as rent.

Appeal from municipal court of Buffalo.

Action by the Queen City Bank against William Hood and another for the removal of defendants from certain premises in the city of Buffalo. There was a judgment in favor of plaintiff, and defendants appeal. Reversed.

Argued before TITUS, C. J., and WHITE and HATCH, JJ.

W. J. Shields, for appellants.

Mr. McNaughton, for respondent.

WHITE, J. The petition which was issued in this proceeding alleges, in substance, that the respondent is the owner in fee and entitled to the possession of the premises in question; that about November 14, 1894, it let and rented said premises to the defendants for the term of five months from December 1, 1894, to May 1, 1895, at the monthly rent of $25 in advance, default of the payment of the rent, and that the appellants hold over, etc., without permission. The answer denies that the respondent owned the premises as alleged in the petition, or that it ever let or rented the premises to the appellants. The meritorious question on this appeal is whether or not evidence offered by the appellants to prove that a certain deed given by them to the respondent was in fact a mortgage, and that certain moneys paid by them to the respondent after the giving of the deed were in fact payments on the indebtedness secured by such mortgage, and that the relation of landlord and tenant did not exist between the parties. The appellants offered evidence tending to prove, among other things, that the appellants, being indebted to the respondent, transferred to it the title to the premises in question by a deed which was in fact a mortgage; that the appellants undertook to pay $25 a month on that indebtedness; and that no agreement had ever been made by them to take from the respondent a lease of the premises,—in fine, that the relation of landlord and tenant did not exist between the parties. While it is true, as the respondent contends, that if the deed were in fact a mortgage, the relation of landlord and tenant might well be created and exist by virtue of an agreement between the parties to that effect, and that there was evidence in the case tending to establish that as the fact, yet the exclusion of other competent evidence offered on the part of the appellants upon the same subject in my judgment constitutes reversible error in the case at bar. The vital question tried was whether or not the relation of landlord and tenant existed, and all competent evidence tending to establish or controvert that fact should have been admitted.

A few of a large number of what seem to me to have been erroneous rulings on the admission and rejection of evidence upon this question appear in the return, as follows: The witness Inglehart, for the respondent, had testified to leasing the premises to the appellants, and that he transacted the business of the respondent with

the appellants out of which resulted the proceedings to remove them. On his cross-examination he was asked if he had a conversation in relation to the premises with one of the appellants at the time the deed which they claimed was in fact a mortgage was given; he was also required to give the conversation; he was also asked if in fact the deed was not taken as and intended to be a mortgage; also if, when the deed was given, the appellants were not indebted to the bank; also if there was not an agreement that the appellants should pay the $25 on the indebtedness secured by the deed, and not as rent. This evidence was excluded by the court.    I think the rulings upon these points were clearly erroneous, and that the order appealed from should be reversed, with costs.    All concur.